## Grose v. Paustenbach

*Charles J. Jacques*, for petitioner.
*C. Harold Skodol*, for defendant.

EGAN, J., November 22, 1941.—Frank Lauff, a garageman, seeks to intervene as an additional defendant in order to participate to the extent of his repair bill in the proceeds of a sheriff's sale of the repaired automobile on a judgment confessed by plaintiffs against defendant.

Petitioner avers that, at the request of defendant, he repaired the automobile, the bill amounting to $50, and retained possession of the automobile until the levy by the sheriff. The answer sets up title in defendant's name, but that an encumbrance was endorsed on the certificate of title by the Secretary of the Commonwealth in the sum of $253.28. They aver that defendant had transferred title to them as security for money advanced to her, and was repurchasing the automobile under a bailment lease. On default by defendant in her payments, judgment was entered on the note accompanying the bailment lease, and plaintiff caused execution to be levied upon said automobile. Testimony was taken from which an inference can be drawn that some time after the repairs had been completed petitioner, in possession of the automobile, placed it for storage in Kipp's Garage located several miles from petitioner's place of business, and while not in the garage at the time of the levy it was on Kipp's property at the rear of his house. This was sufficient to show that petitioner had not given up his control of the automobile.

At common law, petitioner had a lien for repairs made to the automobile, and while a change has been

made in this principle by the Act of June 27, 1939, P. L. 1135, sec. 1, 75 PS §33, affecting creditors, it is our opinion that petitioner was not a creditor at the time the automobile came into his possession by the action of defendant. While he became a creditor after he completed his job of repairing the automobile, his rights are governed as of the time possession was given to him. A different answer to this question would require every automobile repairman to communicate with the State authorities at Harrisburg prior to the commencement of the work, and we are of the opinion that such a construction was not intended by the legislature when the above statute of 1939 was enacted.

### Order

And now, November 22, 1941, the rule ex parte Frank Lauff for leave to intervene as a party defendant is made absolute, and it is ordered that Frank Lauff shall participate in the proceeds of the sheriff's sale of said automobile to the extent of his repair bill in the sum of $50.